UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MANDY WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00131-JPH-MJD |
| | ) | |
| TRANSUNION, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO DISMISS**

Mandy Wilson alleges that TransUnion, LLC violated the Fair Credit
Reporting Act by negligently and willfully furnishing consumer reports to her
former creditor without a permissible purpose.  At this stage, TransUnion does
not challenge the sufficiency of Ms. Wilson's allegations that its conduct was
negligent.  TransUnion does, however, argue in its motion to dismiss that Ms.
Wilson's Amended Complaint fails to sufficiently allege a willful violation of the
FCRA.  For the reasons below, the motion is **DENIED**.  Dkt. [22].

**I.**
**Background**

Because Defendant has moved for dismissal under Rule 12(b)(6), the
Court accepts and recites "the well-pleaded facts in the complaint as true."
*McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

TransUnion is a consumer reporting agency and data repository that
"assembles and stores information on consumers for the purpose of furnishing
consumer reports to third parties."  Dkt. 20 ¶ 25 (Am. Compl.).  Portfolio
Recovery Associates, LLC, a debt collector, is a subscriber and user of

1

consumer reports issued by TransUnion. Dkt. 20 ¶¶ 14, 31. Portfolio also furnishes data to TransUnion about consumers and is therefore a "furnisher" of information under the FCRA. Dkt. 20 ¶¶ 31-32. TransUnion thus both receives information about consumers from Portfolio and sells information about consumers to Portfolio. Dkt. 20 ¶ 34.

Ms. Wilson had a Kroger Mastercard issued by U.S. Bank and owed a debt to U.S. Bank on that account. Dkt. 20 ¶¶ 11-13. In March 2020, she filed for bankruptcy and through that proceeding, her debt to U.S. Bank was discharged in July 2020. Dkt. 20 ¶¶ 11–16. Shortly thereafter, the Bankruptcy Court notified Portfolio that Ms. Wilson's debt with U.S. Bank had been discharged. *Id.* at ¶¶ 21-23.

Pursuant to TransUnion's established policies and procedures, Portfolio then communicated to TransUnion that Ms. Wilson's debt had been discharged. Dkt. 20 ¶¶ 35-36. Specifically, Portfolio "communicated to TransUnion a delete code regarding [Ms. Wilson's debt]" as part of a batch file that is sent by Portfolio "utilizing a Secure File Transfer Protocol ("SFTP") system that TransUnion provided to [Portfolio]". Dkt. 20 ¶¶ 36, 54. Sending that code communicated to TransUnion that (1) the trade line pertaining to this debt should be removed from Ms. Wilson's consumer report and (2) Portfolio no longer had a permissible purpose to procure a consumer report related to Ms. Wilson. *Id.* ¶¶ 37, 54, 55.

The U.S. Bank/Kroger Mastercard debt was the only account that Portfolio had reported to TransUnion related to Ms. Wilson. *Id.* ¶ 39. After

sending the delete code, Portfolio did not communicate any further information to TransUnion to recommence sending consumer reports pertaining to Ms. Wilson. *Id.* ¶ 64. TransUnion nevertheless continued to furnish Ms. Wilson's credit report to Portfolio. *Id.* ¶ 68.

Ms. Wilson brought this putative class action against TransUnion pursuant to sections 1681n and 1681o of the FCRA, alleging that it negligently and willfully furnished consumer reports without a permissible purpose in violation of 15 U.S.C. § 1681b. Dkt. 20 at 17 ¶¶ 106-107. TransUnion filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) seeking dismissal of Ms. Wilson's claim that TransUnion willfully violated the FCRA. Dkt. 22.

## II.
## Legal Standard

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In other words, a plausible claim "must allege enough details about the subject-matter of the case to present a story that holds together", *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021) (cleaned up), "but it need not supply

the specifics required at the summary judgment stage." *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021). When ruling on 12(b)(6) motion, the Court "accept[s] the well-pleaded facts in the complaint as true", *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011), and gives the plaintiff "the benefit of imagination, so long as the hypotheses are consistent with the complaint". *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017) (cleaned up). However, it will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *McCauley*, 671 F.3d at 616.

## III.
## Analysis

"Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). Relevant to this case, the FCRA prohibits consumer reporting agencies ("CRAs") from furnishing consumer reports, except in statutorily enumerated circumstances. 15 U.S.C. § 1681b. The FCRA provides consumers with a private right of action for both negligent and willful violations. *Safeco*, 551 U.S. at 53.

TransUnion has moved to dismiss Ms. Wilson's claim that it willfully violated § 1681b. TransUnion argues that Ms. Wilson has not pleaded willfulness because her alleged facts do not support that TransUnion knew that it furnished Portfolio with plaintiff's consumer reports without a permissible purpose or that it had reason to know of a risk that the SFTP system would

furnish reports without a permissible purpose.  Dkt. 23 at 7–9.  Ms. Wilson responds that she sufficiently pled willfulness by alleging that TransUnion continued to furnish Ms. Wilson's consumer report to Portfolio after Portfolio communicated the discharge to TransUnion.  Dkt. 24 at 11–16.

"A willful [FCRA] violation is one committed with actual knowledge or recklessness." *Persinger v. Sw. Credit Sys., L.P.*, 20 F.4th 1184, 1197 (7th Cir. 2021).  A violation is reckless if there is "an unjustifiably high risk of harm that is either known or so obvious that it should be known."  *Safeco Ins. Co. of Am. V. Burr*, 551 U.S. 47, 68 (2007).[1]  This objective standard requires less than the criminal standard of recklessness that requires "subjective knowledge on the part of the offender."  *Id.* at 68 n. 18.  Yet, it is a more demanding standard than negligence.  *Id.* at 69; *see also Murray v. New Cingular Wireless Servs., Inc.*, 523 F.3d 719, 726 (7th Cir. 2008).

Portfolio followed TransUnion's procedures when it communicated to TransUnion that it no longer had a permissible purpose to access Ms. Wilson's consumer report.  Dkt. 20 at ¶¶ 66–67.  Ms. Wilson's U.S. Bank/Kroger Mastercard debt was the only account Portfolio had reported to TransUnion related to Ms. Wilson, so there was not another debt that Portfolio could have

---

[1] TransUnion cites *Zahran v. Transunion Corp.*, 2003 WL 11733561, at *7 (N.D. Ill. Mar. 31, 2003) and *Millstone v. O'Hanlon Reports, Inc.*, 528 F.2d 829, 834 (8th Cir. 1976) for the proposition "[a]t a minimum, willfulness requires 'deliberate and purposeful actions taken against' a consumer to prevent them from asserting their rights under the FCRA".  Dkt. 23 at 10.  These non-binding cases predate the Supreme Court's holding in *Safeco* that willfulness in the FCRA encompasses both knowing and reckless conduct.  551 U.S. at 57.

been servicing that would have given TransUnion a permissible purpose to provide Portfolio with reports on Ms. Wilson. *Id.* ¶¶ 39–40.   Nor, according to the Complaint's allegations, did TransUnion have a reason to believe that Portfolio had a permissible purpose to receive that credit report.  *Id.* ¶¶ 79–84, 87.  And after sending the delete code, Portfolio did not communicate any information to TransUnion to restart the transmission of Ms. Wilson's reports. *Id.* ¶ 64.  At this stage of the proceedings, the Amended Complaint contains enough "details about the subject-matter of the case to present a story that holds together."  *Bilek*, 8 F.4th at 586 (quotations omitted).

*Gagnon v. JPMorgan Chase Bank* is instructive.  563 B.R. 835, 852 (N.D. Ill. 2017).  There, the plaintiff sued a creditor for seeking a credit report from a CRA despite knowing that there was no permissible purpose for its request under § 1681b.  At the motion to dismiss phase, the district court found that the plaintiff's allegations were enough to allege a willful violation because the plaintiff alleged that "[the creditor] knew at the time it accessed the report that the debt was not collectible because it had been discharged in bankruptcy, but nonetheless invaded Plaintiff's privacy by illegally accessing his credit file." *Id.* at 852–54.  *Cf. Buckley v. Afni, Inc.*, 133 F. Supp. 3d 1140, 1148 (S.D. Ind. 2016) (granting summary judgment for plaintiff when a creditor received a bankruptcy notice related to the plaintiff's account but nevertheless requested a report on the plaintiff).

Here, once TransUnion received the delete code from Portfolio, it knew, based on its own policies and procedures, that Portfolio no longer had a

permissible purpose to obtain Ms. Wilson's consumer report. *Gagnon*, 563 B.R. at 852. Yet TransUnion provided the report anyway. This is enough to allege that TransUnion willfully violated § 1681b of the FCRA by furnishing Ms. Wilson's report to Portfolio. *Safeco*, 551 U.S. at 68.

TransUnion argues that *Buckley* is distinguishable because it deals with creditors (entities like third-party Portfolio) who take affirmative steps to seek a credit report, not CRAs (like TransUnion) who rely on a process based on subscribers' certification of permissible use. Dkt. 23 at 13 n.4. But the consumer report provision of the FCRA applies to both creditors and CRAs—a creditor may not seek a report without a permissible purpose, and a CRA may not release a report to someone that lacks a permissible purpose. 15 U.S.C. § 1681b. And here, TransUnion knew that Portfolio no longer had a reason for requesting information on Ms. Wilson because Portfolio communicated to TransUnion that Ms. Wilson's debt was discharged. Dkt. 20 at 11.

TransUnion advances other arguments to distinguish *Buckley*, dkt. 23 at 9 n.4. But in *Buckley*, the court was adjudicating a motion for summary judgment. Here, for example, if discovery reveals that TransUnion reasonably believed that Ms. Wilson had multiple accounts or that Portfolio sent a delete code that could not be matched with the prior add request, dkt. 23 at 7–8, there may not be any triable issues of facts on Ms. Wilson's willfulness claim. But these facts remain to be seen. At the motion to dismiss phase, Ms. Wilson has alleged sufficient facts to plausibly state a claim for a willful violation. *See Rogers v. Wells Fargo Bank, N.A.*, No. 19-CV-02596, 2020 WL 1081721, at *7–8

(N.D. Ill. Mar. 6, 2020) (willfulness "often . . . is a fact-specific inquiry that courts cannot resolve on a motion to dismiss."); *see Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1122–23 (11th Cir. 2006) ("The question of whether this noncompliance . . . results from willful defiance or negligence is also not resolved by the pleadings."); *Billups v. PHH Mortg. Corp.*, No. 19 C 7873, 2021 WL 1648114, at *4 (N.D. Ill. Apr. 27, 2021) ("Especially at the motion to dismiss stage, it is not time for [the defendant] to tell its side of the story, let alone receive a judgment in its favor based on that narrative."). *Cf. Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 623 (7th Cir. 2007) (explaining that the factual detail required to survive a motion to dismiss regarding willfulness under the FCRA is lower than the factual detail requires to survive a motion for summary judgment).

TransUnion further argues that Ms. Wilson failed to plead willfulness because she didn't allege that TransUnion had reason to know of a risk that the SFTP system would provide reports without a permissible purpose. But the principal cases that TransUnion cites in support of that argument arise under section 1681e (requiring maintenance of reasonable compliance procedures) while Ms. Wilson's claims allege violations of section 1681b (prohibiting furnishing consumer reports without a permissible purposes). Dkt. 23 at 8–9; dkt. 25 at 2–4; *Sarver v. Experian Info. Sols.*, 390 F.3d 969, 972 (7th Cir. 2004). While TransUnion correctly points out that the legal standard of willfulness does not change based on the provision of the FCRA involved, the facts that need to be pled at the motion to dismiss phase and the nature and quantity of

8

evidence necessary to support a finding of willfulness at the summary judgment phase depends on the specific section of FCRA at issue.

In *Sarver*, the plaintiff had to show that the defendant CRA prepared a report containing inaccurate information and that the defendant CRA did not have "reasonable procedures to assure maximum possible accuracy." *Sarver*, 390 F.3d at 971 (quoting § 1681e(b)).  There, even though the CRA reported inaccurate information on the plaintiff's credit report and it appeared that a grouping of accounts had similar errors from the same furnisher, the CRA was entitled to summary judgment because the record did not show that the CRA's procedures were unreasonable.  *Id.* at 970, 972–73.[2]  Here, Ms. Wilson's claim that TransUnion willfully violated § 1681b is based on allegations that TransUnion did not have a permissible purpose to furnish Portfolio with her credit report; the reasonableness of CRA's procedures is not at issue.

## IV.
## Conclusion

Defendant's partial motion to dismiss, dkt. [22], is **DENIED.**

**SO ORDERED.**

Date: 2/2/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel.

---

[2] *Sarver* does not discuss willfulness when evaluating the Section 1681e(b) claim.  *Id.* at 971–73.  The decision does, in a different section, affirm the district court's grant of summary judgment on the section 1681i claim for lack of evidence of willfulness.  *Id.* at 971.  But as explained above, the bar to survive summary judgment is higher than at the pleadings stage.