UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MANDY WILSON on behalf of herself and all other similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>TRANSUNION, LLC,<br><br>      Defendant.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>      Movant. | No. 1:23-cv-00131-JPH-MJD |

**ORDER ON MOTION TO QUASH**

This matter is before the Court on the Rule 45 Motion to Quash Additional Subpoenas (4) Issued to Non-Party Portfolio Recovery Associates, LLC. [Dkt. 96.] For the reasons set forth below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

**I. Background**

Plaintiff brought this action on behalf of a putative class of consumers who allege their consumer report was impermissibly furnished by Defendant to third parties, including Non-Party Portfolio Recovery Associates, LLC ("PRA"), in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* To facilitate its debt collection business, PRA subscribed to Defendant's credit monitoring product, Triggers for Collection. Because Defendant's retention policy for its data is six months and PRA's is not so limited, Plaintiff has relied upon PRA to possess evidence establishing liability and identify members of the putative class.

Previously, on a motion to compel non-party production with respect to a subpoena served on PRA on January 29, 2024, the Court ordered PRA to produce data "extracted from PRA's system spanning the period from January 20, 2021 to April 30, 2023." [Dkt. 67 at 2.] Later, on July 10, 2024, Plaintiff took the Rule 30(b)(6) deposition of PRA, which produced David Lomberk—PRA's Vice-President of Strategy Analytics—as the deponent. [Dkt. 97.] The instant motion relates to four additional subpoenas that Plaintiff served on PRA. One called for the production of an additional year of data, dating back to January 1, 2020, to be produced by September 18, 2024. [Dkt. 96-3 at 14-20.] The three others called for the depositions of PRA employees Krishna Bhalasubramanyam, James Bostwick, and Susan Guevara, to be taken on September 11, 12, and 13, respectively. [Dkt. 96-3 at 4-12.]

## II. Applicable Standard

In the instant motion, PRA asks the Court to quash Plaintiff's three deposition subpoenas and to extend PRA's deadline to satisfy its obligations under the subpoena for production of documents until mid-November.[1] The motion is brought pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(iv), which requires the Court to modify or quash a subpoena that subjects the subpoenaed party to an "undue burden."

In determining whether to quash or modify a subpoena seeking discovery from a non-party, the Court must first start with Federal Rule of Civil Procedure 26(b)(1), which defines the proper scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

---

[1] PRA initially moved to have all four subpoenas quashed, [Dkt. 96 at 6], but updated the requested relief in its reply. [Dkt. 107 at 10]. The Court therefore treats PRA's motion as requesting the relief sought at Docket No. 107.

> resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Because the definition of relevance in the discovery context is very broad, "[r]elevance is not, on its own, a high bar." *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 188 (4th Cir. 2019). However, Rule 26 also requires that discovery be "proportional to the needs of the case." In *Jordan*, the Fourth Circuit aptly summarized this requirement as it relates to Rule 45 subpoenas for documents.

> When discovery is sought from nonparties, however, its scope must be limited even more. Nonparties are "strangers" to the litigation, and since they have "no dog in [the] fight," they have "a different set of expectations" from the parties themselves. *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998). Bystanders should not be drawn into the parties' dispute without some good reason, even if they have information that falls within the scope of party discovery. . . .
>
> A more demanding variant of the proportionality analysis therefore applies when determining whether, under Rule 45, a subpoena issued against a nonparty "subjects a person to undue burden" and must be quashed or modified. Fed. R. Civ. P. 45(d)(3)(A)(iv). As under Rule 26, the ultimate question is whether the benefits of discovery to the requesting party outweigh the burdens on the recipient. *In re Modern Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018); *Citizens Union of N.Y.C. v. Att'y Gen. of N.Y.*, 269 F.Supp.3d 124, 138 (S.D.N.Y. 2017). But courts must give the recipient's nonparty status "special weight," leading to an even more "demanding and sensitive" inquiry than the one governing discovery generally. *In re Public Offering PLE Antitrust Litig.*, 427 F.3d 49, 53 (1st Cir. 2005).

*Id.* The Fourth Circuit noted that

> [o]n the benefit side of the ledger, courts should consider not just the relevance of information sought, but the requesting party's need for it. *See Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 818 (5th Cir. 2004). The information sought must likely (not just theoretically) have marginal benefit in litigating important issues. (We mean "marginal" in the economic sense that the information must offer some value over and above what the requesting party already has, not in the sense that a mere *de minimis* benefit will suffice.)

*Id.* at 189. The Court has applied these principles in considering the instant motion.

### III. Production Subpoena

As this Court found previously in its Order Compelling Non-Party Production, PRA "is the only other entity capable of producing data in a manner which would allow for the identification of potential members of the Class" and the material is highly relevant to Plaintiff's claims. [Dkt. 67.] Still, the burden on PRA is high; PRA's data analytics team spent at least 45 hours producing the initial data production and would have a comparable task in making the presently requested production. [*See* Dkt. 96 at 2 n.2; Dkt. 107 at 2-3; Dkt. 107-2 at 3.] Moreover, PRA communicated to Plaintiff's counsel that "PRA's data analytics team is tied up with a high priority project set to complete on [October 26, 2024, which will be followed by] a 2-week period of post-launch maintenance and support." [Dkt. 107-2 at 3.]

On the other hand, the apparent benefit to Plaintiff in receiving the data now, rather than a month from now, is not clear. For one, each requested deposition was to take place before the production deadline, *see* [Dkt. 96-3 at 4-12; Dkt. 96-3 at 14-20], suggesting that the requested additional data did not need to be reviewed by the deponents. Also, while Plaintiff takes issue with PRA's "timing of its proposed response," it does not explain why. [Dkt. 103 at 5.] The Court is therefore not convinced that the benefit to Plaintiff in receiving the data now, rather than a month from now, will outweigh PRA's burden in producing the data. Accordingly, PRA's motion is **GRANTED** with respect to extending the production deadline.[2]

### IV. Deposition Subpoenas

In her response to the instant motion, Plaintiff explains her reasoning for deposing Krishna Bhalasubramanyam, James Bostwick, and Susan Guevara, and argues that PRA has not

---

[2] If this enlargement necessitates an enlargement of any of the remaining case deadlines, the parties should file a motion seeking that enlargement, which the Court will quickly address.

demonstrated an undue burden. [Dkt. 103 at 4, 9.] In its reply, PRA points to several portions of David Lomberk's deposition testimony that PRA contends supplied sufficient information and argues that any information surrounding PRA's communications with TransUnion could be retrieved—if they have not been already—from TransUnion itself.

The Court has reviewed Mr. Lomberk's testimony and is satisfied that Plaintiff is seeking relevant information and the benefit to Plaintiff outweighs the burden to PRA. While Mr. Lomberk was able to testify generally as to the process in which the data was produced, he stated that it was Krishna Bhalasubramanyam alone who generated the data and that Mr. Lomberk had no personal involvement. [Dkt. 97 at 69:1-11, 70:22-24, 74:19-75:1.] Mr. Lomberk also stated that Bhalasubramanyam would be the most knowledgeable on the "address formatting issue" and may have the answer to questions regarding error reports received from TransUnion. [*See* Dkt. 97 at 97:10-99:5, 113:4-15.] Moreover, when Mr. Lomberk was unable to explain why TransUnion suspended service to PRA, he testified that either Bhalasubramanyam or James Bostwick would know the reason. [Dkt. 97 at 100:20-101:24.] Further, Mr. Lomberk stated that Susan Guevara may be able to convey what information PRA reported to consumer reporting agencies. [Dkt. 97 at 103:6-13.]

Ultimately, the Court is not convinced that preparing these individuals for deposition imposes an undue burden. Mr. Lomberk's deposition was taken pursuant to Federal Rule of Civil Procedure 30(b)(6), which governs depositions of business entities, and the "effect of this rule is to place upon the business entity the burden of identifying witnesses who possess knowledge responsive to subjects requested in the Rule 30(b)(6) request." *Walton v. First Merchants Bank,* No. 1:18-cv-01784-JRS-DLP, 2019 WL 144244 at *1 (S.D. Ind. Jan. 9, 2019). It is possible that the additional depositions would not have been necessary if PRA had produced witnesses fully

capable of testifying with regard to the topics in Plaintiff's notice. In addition, PRA could have—and still can—provide Plaintiff with the individual or individuals most knowledgeable on the requested subjects if they are someone other than the individuals identified. Regardless, the Court has every confidence that Plaintiff's counsel will not take depositions that are unnecessary. Accordingly, the Motion to Quash is **DENIED** with respect to the three deposition subpoenas.

### V. Conclusion

For the reasons set forth above, PRA's Rule 45 Motion to Quash Additional Subpoenas (4) Issued to Non-Party Portfolio Recovery Associates, LLC, [Dkt. 96], is **GRANTED with respect to extending the deadline for PRA to produce the requested information in response to the subpoena, and DENIED with respect to the three deposition subpoenas**. PRA is to produce the requested data **by no later than November 15, 2024**.

SO ORDERED.

Dated: 21 OCT 2024

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all ECF-
registered counsel of record via email generated
by the Court's ECF system