UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MANDY WILSON on behalf of herself and all other similarly situated,, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) No. 1:23-cv-00131-JPH-MJD |
| TRANSUNION, LLC, | ) ) ) |
| Defendant. | ) |

**ORDER ON MOTION TO COMPEL**

This matter is before the Court on Plaintiff's Motion to Compel. [Dkt. 120.] For the reasons set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

**I. Background**

Plaintiff alleges in this case that Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., by providing her consumer report and those of a class of similarly situated consumers to third parties, including Portfolio Recovery Associates, LLC ("PRA"). The information was provided to PRA by Defendant through a monitoring product called Triggers for Collection ("TFC").

Plaintiff served a Rule 30(b)(6) deposition notice on Defendant on July 20, 2024, which included eighteen topics. Defendant designated two witnesses—Vivek Pant and Zachary Bostick—and they were deposed in August, 2024. Subsequent to their depositions, Defendant produced four spreadsheets pertaining to TFC data. Plaintiff now moves to compel Defendant to

produce a deponent to testify regarding those spreadsheets. Plaintiff also moves to compel additional Rule 30(b)(6) testimony regarding two topics Plaintiff asserts were not satisfactorily addressed by the two initial Rule 30(b)(6) deponents.[1]

## II. Discussion

The scope of discovery is governed by Federal Rule of Civil Procedure 26(b)(1), which provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

In addition, Rule 26(b)(2)(C) provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

With these rules in mind, the Court will address the parties' arguments, in turn, below.

---

[1] Plaintiff also raised a potential issue regarding two of her document requests, but reports in her reply brief that the issue does not require court involvement. *See* [Dkt. 125 at 4 n.2].

### A. Four Newly-Produced Spreadsheets

Defendant objects to Plaintiff's request to depose it regarding the four newly-produced spreadsheets on several grounds. First, Defendant disagrees with Plaintiff's assertion that testimony regarding the four new spreadsheets would fall under Topic 4 of the deposition notice, which sought testimony regarding Defendant's "responses to Plaintiff's interrogatories and production requests, including any supplemental responses." [Dkt. 120-1.] Defendant argues that it produced the spreadsheets "only because [its] experts on class certification relied upon them," not because they were responsive to Plaintiff's document requests. That argument is without merit, however, because at least three of the spreadsheets[2] clearly **are** responsive to Plaintiff's document requests, including her request for "[a]ny document that you shared, exchanged, or received from any consulting or testifying expert in this case."

The real thrust of Defendant's objection is simply that Plaintiff has already deposed it and should not be permitted to depose it a second time. Defendant argues:

> According to plaintiff's view of Topic 4, she would be entitled to additional 30(b)(6) testimony if any of the documents TransUnion produces going forward in this case broadly relate to any of the 85 requests for production she has served on TransUnion—several of which effectively request any document that would ever be produced in this case. That position is unreasonable, as taking serial depositions of a single corporation is "costly and burdensome," and it "provides the deposing party with an unfair strategic advantage, offering it multiple bites at the apple, each time with better information than the last." *State Farm Mutual Auto. Ins. Co. v. New Horizon, Inc.*, 254 F.R.D. 227, 235 (E.D. Pa. 2008).

[Dkt. 123 at 7.] Defendant is correct to the extent that not every newly-produced document justifies reopening a deposition. But neither is reopening a deposition always inappropriate. Rather, pursuant to Federal Rule of Civil Procedure 30(a)(2), a party must obtain leave of court

---

[2] Defendant states that it produced the fourth spreadsheet "only in response to plaintiff's counsel's clarification question" regarding the underlying files for one of the other spreadsheets. [Dkt. 123 at 7.]

3

to conduct a second deposition of a deponent and the Court "must grant leave to the extent consistent with Rule 26(b)(1) and (2)." In this case, the Court, in its discretion, finds that it is consistent with Rule 26(b) to permit Plaintiff to reopen the deposition to question Defendant about the four newly-produced spreadsheets. The spreadsheets clearly are relevant—Defendant does not argue otherwise—and Plaintiff did not have the opportunity to address them in the original deposition, because they had not yet been produced. Further, Defendant has not demonstrated that the burden of producing a witness to testify about the spreadsheets would be undue or disproportionate to the needs of the case. Nor is Defendant's argument that Plaintiff could obtain the information she needs through informal means—i.e., discussions between counsel—or other means of discovery persuasive. Plaintiff is entitled to obtain testimony on the record from Defendant regarding the newly-produced spreadsheets.

The cases cited by Defendant for the proposition that "deciding to take a deposition early in the discovery period is not good cause [to reopen the deposition], especially where additional discovery is expected to occur in the case," *Albornoz v. Wal-Mart Assocs., Inc.*, 2023 WL 5613518, at *2 (E.D. Cal. Aug. 30, 2023); *E.E.O.C. v. Prod. Fabricators Inc.*, 285 F.R.D. 418, 423 (D. Minn 2012), are both distinguishable from this case. In *Albornoz*, the court noted that the plaintiff "insisted" on conducting the depositions in question prior to the court's resolution of a discovery dispute; had the plaintiff waited for that resolution, it would not have been necessary to reopen the deposition, and the plaintiff "offered no explanation either in her joint discovery dispute report or during the discovery dispute conference why she did not delay the subject depositions." 2023 WL 5613518, at *2. Similarly, in *Prod. Fabricators Inc.*, the court noted that "Defendants also chose to go ahead with the deposition of Mr. Breaux early in the discovery period, and in spite of the ongoing dispute about the production of various documents, including

4

Mr. Breaux's medical records, knowing full well that the eventual production of such documents might produce new information that Defendants might wish to ask Mr. Breaux about." 285 F.R.D. at 423.  Here, there is no suggestion that Plaintiff knew that Defendant would (or might be ordered to) produce the spreadsheets at issue and chose to proceed with the deposition anyway.  Further, this case was filed on January 20, 2023, and the case management plan was entered on June 15, 2023.  A deposition conducted in August 2024 was certainly not "early in the discovery period."  Accordingly, Plaintiff's motion to compel is **granted** as to the four newly-produced spreadsheets.

### B.  Topic 6

Topic 6 of the 30(b)(6) deposition notice reads:

Your efforts to identify data and documents responsive to Plaintiff's discovery requests, including but not limited to:

a. The names of individuals who were contacted in connection with Your effort to identify and obtain documents;
b. Any search terms used by Defendant to gather data and documents; and,
c. The databases that were searched.

Plaintiff seeks to reopen Defendant's deposition as to this topic, because she argues that the deponents were unable to provide the requested information with regard to eight spreadsheets that were produced prior to their depositions and, of course, were not questioned about the four spreadsheets that were produced after their depositions.

Defendant's objection to this request is two-fold.  First, Defendant argues that, as to the eight spreadsheets produced prior to the depositions, Plaintiff's request for the names of the individuals involved in their production improperly seeks attorney work product, "because TransUnion's counsel selected them and directed the collection efforts."  [Dkt. 123 at 9.]  Second, Defendant argues that this discovery is impermissible "discovery on discovery."

5

As to the latter argument, the Court finds that Plaintiff is entitled to conduct limited discovery about discovery with regard to the twelve spreadsheets at issue to determine how the data underlying them was collected—the databases that were searched and the search terms that were used.[3] While Defendant is correct that such discovery is not routinely permissible, it is appropriate under some circumstances. *See In re Caesars Entm't Operating Co., Inc.*, No. 15 B 1145, 2018 WL 2431636, at *13 (Bankr. N.D. Ill. May 29, 2018) ("Most courts ... acknowledge that 'discovery about discovery' can be appropriate under certain circumstances[, such as] when one party's discovery compliance has 'reasonably [been] drawn into question,' *Crocs, Inc. v. Effervescent, Inc.*, No. 06-cv-00605-PAB-KMT, 2017 WL 1325344, at *8 (D. Colo. Jan. 3, 2017), so that there is 'an adequate factual basis' for an inquiry.") (citing *Mortgage Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A.*, No. 15 Civ. 0293 (LTS) (JCF), 2016 WL 3906712, at *7 (S.D.N.Y. July 14, 2016) (internal quotation omitted); *see also Korbel v. Extendicare Health Servs., Inc.*, No. 13-cv-2640 (SRN/SER), 2015 WL 13651194, at *15-16 (D. Minn. Jan. 22, 2015); *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig.*, No. 2:14-mn-02502-RMG, 2014 WL 12621613, at *1 (D.S.C. Nov. 13, 2014); *see generally* Hon. Craig B. Shaffer, *Deconstructing "Discovery about Discovery,"* 19 Sedona Conf. J. 215, 220 (2018)). Plaintiff has made the necessary threshold showing here, given the difficulty that Plaintiff has had in obtaining the information necessary to identify the putative class members in this case from Defendant, Plaintiff is entitled to depose Defendant about its efforts to

---

[3] Defendant states that it nonetheless has provided "limited, non-privileged information about the location of the subject data within TransUnion's system, including the general manner in which such data was collected, the time period in which the data was collected, and the name of the programming language that TransUnion used to analyzed the data to generate TransUnion's Data Production" in its interrogatory responses. [Dkt. 123 at 9.] This does not eliminate Plaintiff's right to the deposition testimony she seeks.

gather that information, including the creation of the twelve spreadsheets at issue. Plaintiff has not demonstrated, however, that she is entitled to the names of the individuals who were contacted (by or on behalf of counsel) regarding the gathering of this information, at least at this stage, so that portion of the motion to compel is **denied**.

### C. Topic 7

Finally, Topic 7 of the Rule 30(b)(6) deposition notice seeks testimony regarding Defendant's "data and document retention policies." Defendant objects that this topic is overly broad, as it encompasses retention policies that have nothing to do with Plaintiff's case. Defendant further asserts that it provided all of the relevant information during the Rule 30(b)(6) depositions because it answered questions regarding "the TFC Databases," which it defined as "Online Batch ("OLB"), Daily Change File, and Data Exchange Gateway ("DEG") databases." [Dkt. 120-2 at 9.] From Plaintiff's reply brief, the Court understands Plaintiff only to be seeking retention policies that relate to TFC data, but she argues that Defendant "makes clear that in fact, TFC data is also housed in databases used for other TU products and services" and not only in the three databases identified by Defendant. [Dkt. 125 at 12.] Plaintiff is entitled to depose Defendant regarding any document retention policy that applies to any TFC data, wherever that data may be maintained by Defendant.

### III. Conclusion

Plaintiff's motion to compel, [Dkt. 120], is **GRANTED** to the following extent. Plaintiff may reopen the Rule 30(b)(6) deposition of Defendant to question Defendant regarding: (1) the four newly-produced spreadsheets; (2) Topic 6, except for "the names of individuals who were contacted in connection with [Defendant's] effort to identify and obtain documents"; and (3) Topic 7, but limited to any document retention policy that applies to any TFC data loaced

7

anywhere within Defendant's systems.  Plaintiff's motion to compel is **DENIED** in all other respects.

Plaintiff's Motion to Request Oral Argument on Plaintiff's Motion to Compel, [Dkt. 126], is **DENIED** as unnecessary.

SO ORDERED.

Dated:  14 NOV 2024

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.